585 So.2d 1211 (1991)
STATE of Louisiana
v.
Jimmie D. BROWN.
No. 89-KH-2824.
Supreme Court of Louisiana.
September 13, 1991.
*1212 Jimmie D. Brown, pro se.
Kendall P. Green, New Orleans, for relator.
Harry Connick, Dist. Atty., Jack Peebles, Asst. Dist. Atty., for respondent.
PER CURIAM.
On October 20, 1987, relator Jimmie Brown was brought to a courtroom in the Orleans Parish Criminal Courts Building to stand trial for illegal possession of a stolen automobile valued at more than $500, in violation of La.R.S. 14:69. When relator entered the courtroom he was clad in brown garments belonging to Orleans Parish Prison. The trial judge brought the defendant's prison attire to the attention of the prospective jurors summoned for voir dire examination with the following remarks evidently prompted by an objection off the record from defense counsel:
Ladies and gentlemen, you will notice that the defendant is in his parish prison garb, which indicates to you that he is in parish prison. That's not to play any part whatsoever if you are chosen as a juror. The only thing that that means is that he could not afford to make bond. Many people are on the street when they commit a crime, and they make bond. Some people can't afford it, so they're in jail. It does not play any part whatsoever with ... you inasfar as innocence or guilt is concerned. And, Mr. Greene [defense counsel], I'll allow you to make the record outside the hearing of the jury
After completion of voir dire and jury selection, the jurors were excluded from the courtroom and defense counsel stated for the record his "understanding that Mr. Brown was being brought over this morning from the Sheriff's Department and was dressed in his street clothes, but was instructed by a member of the Sheriff's Department to remove them and get into his prison uniform, as presently seen here." Counsel also noted for the record "that the defendant has moved for leave to change into his street clothes."
The trial court overruled counsel's objection and denied his request to have relator's clothing changed. The court was satisfied that a change of clothing would not "make any particular difference in the jurors' position," and that its admonition had cured any prejudice, saving a delay in the proceedings. Thereafter, relator's prison attire served as a ready means of identifying him at trial. When asked by the prosecutor to identify the individual that they had arrested, the state's police witnesses designated relator as the person wearing "O.P.P." clothing.
Despite defense evidence aimed at providing an innocent explanation for relator's possession of the stolen car in which he was arrested, the jury returned a verdict of guilty as charged. The court thereafter sentenced the defendant as a multiple offender to ten (10) years at hard labor. On appeal, a split panel of the Fourth Circuit affirmed relator's conviction and sentence, acknowledging that the district court had erred in requiring relator to stand trial in prison garb over his objection, but ruling that the error was harmless. State v. Brown, 537 So.2d 1252 (La.App. 4th Cir. 1989). Dissenting, Judge Barry insisted that forcing relator to stand trial in identifiable prison garb after timely objection and a pre-trial motion to obtain civilian clothes denied him a fair trial. We now reverse on those grounds.
Compelling a criminal defendant to stand trial in readily identifiable prison attire over his express objection infringes upon his presumption of innocence and denies the defendant due process of law. LSA-Const. 1974, Art. I, § 16; Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); State v. Spellman, 562 *1213 So.2d 455 (La.1990); State v. Brown, 368 So.2d 961 (La.1979) (on rehearing); State v. Leggett, 363 So.2d 434 (La.1978); State v. Tennant, 262 La. 941, 265 So.2d 230 (1972). The practice is "inherently prejudicial ...," threatens the "fairness of the factfinding process ...," and serves "no essential state policy...." Estelle v. Williams, supra, 425 U.S. at 503-505, 96 S.Ct. at 1692-93. The failure of a defendant to make a timely objection "is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." Id. 425 U.S. at 513, 96 S.Ct. at 1697. As this Court recently emphasized in State v. Spellman, supra, however, when the defendant makes known his opposition to standing trial clad in identifiable prison attire before the jury has been impaneled, "[a] reasonable delay is appropriate to accommodate a defendant's right to be tried in his own clothes and, moreover, works no hardship on the state." Id. 562 So.2d at 456.
The state concedes that defendant voiced his opposition before voir dire examination and after the trial court's admonition no juror could have missed the significance of relator's attire. Nevertheless, the state argues that the Fourth Circuit correctly found the trial court's error harmless. When a defendant is compelled to wear prison clothes before the jury, however, "... the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment...," and create "an unacceptable risk ... of impermissible factors coming into play." Estelle v. Williams, supra, 425 U.S. at 504-505, 96 S.Ct. at 1693. The error so affects "[t]he entire conduct of the trial from beginning to end," Arizona v. Fulminante, ___ U.S. ___, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991) (Rehnquist, C.J.), that we find no circumstances in this case which would justify holding such a pervasive and inherently prejudicial practice harmless to the defendant's right to an impartial verdict from the jury he selected.
Accordingly, the defendant's conviction and sentence are vacated and this case is remanded to the district court for further proceedings not inconsistent with the views expressed herein.
CONVICTION AND SENTENCE VACATED; CASE REMANDED TO THE DISTRICT COURT.