603 So.2d 196 (1992)
STATE of Louisiana, ex rel. Gene R. HESS, Sr. & Gene R. Hess, Jr.
v.
William GUSTE, et al.
No. 92-CA-0601.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1992.
Rehearing Denied September 17, 1992.
Gene R. Hess, Sr., in pro. per.
Rose Polito Wooden, Asst. Atty. Gen., Louisiana Dept. of Justice, Div. of Risk *197 Litigation, Baton Rouge, for defendants/appellees.
George Pivach, II, Pivach, Cossich & Pivach, Belle Chasse, for defendant/appellee.
Before SCHOTT, C.J., and JONES and LANDRIEU, JJ.
SCHOTT, Chief Judge.
In the midst of a civil proceeding he was prosecuting as a plaintiff, relator, Gene Hess, was found to be in direct contempt of court and was sentenced to pay a fine and to serve a three month jail sentence consecutive to his present imprisonment at Angola. He has appealed the contempt adjudication. On our own motion we dismiss the appeal because a judgment holding a party to a lawsuit in contempt of court is not appealable; the aggrieved party's remedy being to apply for supervisory writs. State v. Sampson, 498 So.2d 1145 (La.App. 3rd Cir.1986); LeBlanc v. LeBlanc, 404 So.2d 530 (La.App. 4th Cir. 1981). Considering the appeal as a writ application we deny it.
Relator and his son are convicted felons imprisoned at Angola. In August 1991 they filed two civil suits against court reporters in Plaquemines Parish alleging damages resulting from the reporters' negligence in preparing the transcripts involved in their convictions. They also joined as defendants the 25th Judicial District Court and the State of Louisiana. The two suits were allotted to Division "A", Judge Kirby, and Division "B", Judge Roe. Relator moved to recuse both judges. On September 5 Judge Kirby referred the motion to recuse him to Judge Roe pursuant to C.C.P. art. 155. On September 30 Judge Roe recused himself and transferred his case to Judge Kirby. The record does not show that the motion to recuse Judge Kirby was ever acted upon.[1]
On October 21 relator filed into the record a request for a subpoena of Judge Kirby's court reporter (one of the defendants in relator's case). Relator asked for service in Division A of the courthouse during the regular hours with this statement:
"that Judge Kirby is holding court, that is if Judge Kirby knows how to hold court therefore the sheriff department should not have any trouble serving him with this service of process, unless judge Kirby has offered them a bribe not to serve him."
On October 22 Judge Kirby cited relator for contempt and scheduled a hearing on November 20. Relator objected to the proceedings on the ground that he had moved to recuse Judge Kirby. He insisted that Judge Kirby was disqualified from sitting in Judgment over him and presented nothing in defense to the contempt citation. The judge held him in contempt based upon C.C.P. art. 222(1) and (3). On December 2 he gave reasons for judgment, copy of which is attached and made part of this opinion.
The record supports the adjudication of contempt under this article which provides that any of the following constitutes a direct contempt of court:
(1) Contumacious, insolent, or disorderly behavior toward the judge, or an attorney or other officer of the court, tending to interrupt or interfere with the business of the court, or to impair its dignity or respect for its authority;
(3) Use of insulting, abusive, or discourteous language by an attorney or other person in open court, or in a pleading, brief, or other document filed with the court in irrelevant criticism of another attorney or of a judge or officer of the court.
Relator's principal arguments in this court are again based on his theory that Judge Kirby, once faced with the recusal motion, was disqualified from hearing the contempt order. This position is without merit. The motion to recuse Judge Kirby, though not yet acted upon, did not confer upon relator a license to file a pleading containing language that is insulting, *198 abusive, or discourteous toward Judge Kirby. Nor did he have a license to direct contumacious, insolent, or disorderly behavior toward Judge Kirby during the contempt hearing.
Accordingly, the application is denied.
APPEAL DISMISSED; WRITS DENIED.

APPENDIX

Twenty Fifth Judicial District Court

Parish of Plaquemines

State of Louisiana

Division "A"

No. 35-432

State of Louisiana, ex rel. Gene R. Hess, Sr. & Jr.

Versus

William Guste, et al.

Filed: Dec. 2, 1991

ORDER
On August 12, 1991 plaintiff's, Gene R. Hess, Sr. and Jr. filed the instant suit against various defendants including the Court Reporter and Minute Clerk of the Court. Apparently due to a misspelling of one of the defendant's name, service was delayed on him. The Sheriff's Office apparently requested on more than one occasion correct identifying information. On October 21, 1991 Gene R. Hess, Sr. caused to be filed into the record of this proceeding a pleading entitled "Service Process" directing that service be made upon one Theodore G. Andressen, Jr. "... in the courthouse in Division A in the regular ours (sic) [hours] that Judge Kirby is holding court, that is if judge kirby nows (sic) [knows] how to hold court therefore the sheriff (sic) department should not have any trouble serving him with this service of process, unless judge kirby has offered them ... a bribe not to serve him;" [emphasis added]; and
This litigant has filed numerous frivolous claims for post conviction relief and other pleadings in which he has been abusive to the Court and for which he has not been punished. Specifically in an envelope post marked November 8, 1990 from Angola, Louisiana the Court received a pleading typed on toilet paper and signed by Mr. Hess, Sr. Additionally he has had numerous petitions and pleadings dismissed from Appellate Courts because of his disrespectful language. See: State Ex Rel Gene R. Hess vs. State of Louisiana No. 91-KH-0282, No. 91-KH-0552 and No. 90-KH-2298, Supreme Court; and State Ex Rel Gene R. Hess, Sr. vs. Fourth Circuit Court of Appeal No. 91-KH-0487 and 90-KH-2259; and State Ex Rel Gene Hess, Sr. and Jr. vs. Fourth Circuit Court of Appeals and State of Louisiana No. 90-KH-2349; and State of Louisiana vs. Gene R. Hess, Sr. and Gene R. Hess, Jr. No. 91-K-1233; and State Ex Rel Gene R. Hess, Sr. & Jr. vs. Supreme Court Honorable Justices No. 91-KH-1273. The Court believes that enough is enough and by order of October 22, 1991 cited Mr. Hess to Show Cause why he should not be held in Contempt of Court for using insulting, abusive or discourteous language by an attorney or other person... in a pleading, brief or other document filed with the court in irrelevant criticism of a Judge or officer of the Court. Included within the contempt citation was an allegation of contumacious, insolent or disorderly behavior toward the Judge tending to interrupt or interfere with the business of the Court or to impair its dignity or respect for its authority. See CCP ART. 222.
The hearing on the Contempt Citation was held November 20, 1991. Mr. Hess was given an opportunity to defend the use of the language found offensive by the Court or to explain it or perhaps to even apologize. However, he only railed against the Court and challenged the Court's fairness and the propriety of the Court presiding over these proceedings. The Court reviewed the record during the hearing and found that there was no pending motion to recuse him from hearing the Contempt Citation although there was apparently a motion filed by defendant-in-rule Hess to recuse the Court from hearing the merits of the suit. That Motion was filed after the Contempt Citation was issued and does not bear on the issues presented by the Contempt Citation and the Court declined to recuse itself and further found the Motion *199 did not state a valid ground upon which to recuse the Court from hearing the Contempt Citation.
After listening to the defendant's histrionics and giving him ample opportunity to defend, explain or apologize for his use of offensive language and hearing none the Court adjudged Mr. Hess guilty of Contempt of Court under the provision of CCP ART. 222(1) and (3).
For the reasons above set forth;
IT IS ORDERED that Mr. Gene R. Hess, Sr. be and he is hereby found, declared and adjudged by this Court to be in direct contempt of this Court for his use of insulting and abusive language in pleadings filed with this Court which this Court finds to have been deliberate, repeated and willful.
IT IS FURTHER ORDERED that for said direct contempt Mr. Gene R. Hess, Sr. is hereby sentenced by this Court to pay a fine of Five Hundred ($500.00) and 00/100 dollars and that he be confined to the parish jail, Plaquemines Parish, for a period of three (3) months, which said sentence shall be consecutive to the sentence Mr. Gene R. Hess, Sr. is now serving in the custody of the Louisiana Department of Corrections at Angola, Louisiana.
Pointe-a-la-Hache, Louisiana this 2d day of December, 1991.
 /s/Michael E. Kirby
 JUDGE
NOTES
[1] On December 20 Judge Kirby signed an order stating he had just became aware that his court is a party to the proceedings and he asked the Supreme Court to appoint a judge ad hoc for the cases.