624 So.2d 448 (1993)
STATE of Louisiana
v.
Willie MARTIN.
No. 93-KA-0411.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1993.
*449 Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Guy H. Lillian, III, Indigent Defender Bd., Gretna, for defendant/appellant.
Before BARRY, BYRNES and LOBRANO, JJ.
BARRY, Judge.
The defendant was convicted on two counts of armed robbery and sentenced as a third felony offender to 99 years at hard labor without benefit of probation, parole or suspension of sentence. He robbed a husband and wife, who were tourists, in their hotel room. In his "errors patent" appeal, this Court affirmed the defendant's conviction and sentence on count one (KA-5067). The matter was remanded for resentencing on the second count of armed robbery. On remand the trial court sentenced the defendant to 99 years at hard labor without benefit of probation, parole or suspension of sentence to run concurrently with all other sentences. This is an out of time appeal granted pursuant to Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990).
The defendant assigns three errors:

*450 1) he was forced to stand trial while wearing identifiable prison clothes despite his protest;
2) he received ineffective assistance of counsel because there was no objection or motion for mistrial because of the prison clothes;
3) he received ineffective assistance of counsel in his first appeal because the clothes issue was not raised.

PRISON CLOTHES
Compelling a defendant to stand trial in readily identifiable prison attire over his express objection infringes upon the defendant's presumption of innocence and denies him due process of law. La. Const., Art. I § 16; Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); State v. Spellman, 562 So.2d 455 (La.1990). When the defense objects before the jury is impaneled and the objection is not a dilatory tactic, the state is not prejudiced by allowing the defendant extra time to change to civilian clothing. State v. Brown, 368 So.2d 961 (La. 1978) (on rehearing). The failure of a defendant to make a timely objection is sufficient to negate the presence of compulsion necessary to establish a constitutional violation. State v. Brown, 585 So.2d 1211, 1213 (La. 1991), quoting Estelle, 425 U.S. at 503-505, 96 S.Ct. at 1692-94.
The defendant did not object to the prison clothes until after the jury was impanelled and trial had started. The transcript shows that the defendant's objection was made after the state's opening statement, defense counsel's waiver of argument, and the first witness was called. At that time defense counsel approached the bench and both counsel had a brief conference. The defendant attempted to speak when the court ordered him to stop. The trial court stated to the jurors:
Mr. Martin, jurors are not to consider the fact that a defendant who's on trial is in jail. That fact that he's in jail does not have anything to do whatsoever towards his innocence or guilt. It merely means that either he could not afford to make bond or his family doesn't have any property to pick up in order to have him make bond. So, it means nothing whatsoever to the innocence or guilt. And you're not to take it that the defendant is in jail at this time, and he was complaining about his prison garb. You are not to take that into consideration. That should play no consideration whatsoever. I don't think it would, but in case any of you all are thinking about it, I'm admonishing you now to disregard the fact that he's in jail. Whether or not the defendant is in jail has nothing to do with whether he's guilty or not guilty in any particular case. Okay? I take it that nobody has any problems with that.
The defendant does not claim that a timely objection was made. If a timely objection is made then it cannot be construed as dilatory. The failure to timely object negates the presence of compulsion which amounts to a constitutional violation. Brown, 585 So.2d at 1213. This assignment lacks merit.

INEFFECTIVE COUNSEL
The defendant argues that the failure of his counsel to object or move for a mistrial constitutes ineffective assistance of counsel. Such a claim is properly raised by an application for post conviction relief. If the record is complete, as in this appeal, the issue will be considered. State v. Seiss, 428 So.2d 444 (La.1983).
Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show that his counsel's performance was deficient and the deficient performance caused prejudice. If the claim fails to satisfy either of the Strickland criteria, the court need not address the other. State v. James, 555 So.2d 519 (La.App. 4th Cir.1989), writ denied, 559 So.2d 1374 (La.1990).
To show prejudice the defendant must demonstrate that the outcome was affected. "The defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." (Citations omitted). State v. Bienemy, 483 So.2d 1105, 1107 (La.App. 4th Cir.1986).
*451 Conceding that defense counsel's performance was deficient does not end the analysis. The defendant must show that counsel's performance caused prejudice.
Mr. & Mrs. Karzenowski, the victims, testified that they were robbed at gun point in their hotel room. Jewelry and money were stolen by two robbers. When the defendant was apprehended immediately after the robbery by the hotel security guard, he had the money, some of the jewelry and a pistol. Mr. & Mrs. Karzenowski identified the money and the jewelry. Mrs. Karzenowski positively identified the defendant minutes after the robbery, in a line up and at trial.
The defendant did not show prejudice or demonstrate that the verdict would have been different had defense counsel objected to the prison clothes. Mrs. Karzenowski positively identified the defendant as the armed robber twice before trial. The stolen items were in the defendant's possession. Strickland has not been satisfied. This assignment lacks merit.
The defendant's last assignment on ineffective assistance of previous appellate counsel is moot. The defendant was granted a second out-of-time appeal pursuant to Lofton, 905 F.2d at 885.
We have reviewed the record for errors patent and there are none.
The defendant's conviction and sentence are affirmed.
AFFIRMED.