644 So.2d 230 (1994)
STATE of Louisiana
v.
Kevin WISE.
No. 93-KA-0105.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1994.
Rehearing Denied November 15, 1994.
*232 Harry F. Connick, Dist. Atty., Karen E. Godail, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before BARRY, JONES and LANDRIEU, JJ.
BARRY, Judge.
A jury found the defendant guilty of theft of $500 or more (LSA-R.S. 14:67) and aggravated battery (LSA-R.S. 14:34). The trial court modified the theft verdict to theft of less than $100, a misdemeanor under R.S. 14:67 B(3). The defendant was sentenced to consecutive sentences of six months in parish prison for the theft and ten years at hard labor (credit for time served) for the aggravated battery. The sentences were also consecutive to a previously imposed six-month sentence for contempt of court. An oral motion to reconsider the sentence was denied.
Counsel for defendant assigns as error that the sentences are excessive. The defendant filed a pro se brief and claims: 1) his right to appeal was violated because the appellate record does not contain transcripts of voir dire, closing arguments and jury charges; 2) he was compelled to stand trial in prison attire; 3) counsel was ineffective because he failed to object to prison attire and failed to investigate the case before trial; 4) the State exercised its peremptory challenges in a racially discriminatory manner; and 5) the State withheld exculpatory evidence.

FACTS
Officer Kevin Doucette testified that on May 18, 1992 he stopped a car driven by the defendant. Officer Doucette approached the defendant who threw an NOPD radio out of the vehicle. Officer Doucette asked the defendant if he was a police officer and the defendant responded, "I ain't got time for this sh" and drove off. The defendant sped off and Officer Doucette pursued the defendant through the city. The defendant got out of his car and the chase continued on foot. Officer Doucette lost sight of the defendant.
About that time Charles Lange Gamble had parked his truck and trailer in the yard of his office. He testified that he saw the defendant get into the truck. Gamble ordered the defendant to get out of the truck but the defendant started the engine. Gamble attempted to pull the defendant from the truck, heard a gunshot from the passenger side, and saw a police officer. Gamble heard another shot, the truck drove off, and there were several more shots. Gamble testified that the defendant stole his truck.
Officer Johnny Heck testified that he heard Gamble order the defendant out of the truck. Officer Heck walked into the yard and made eye contact with the defendant while he was in the truck. Officer Heck testified the defendant drove toward him and Officer Heck fired his gun into the cab of the truck. The truck hit Officer Heck and knocked him down. The officer testified that as he got up he saw two unidentified men who he thought were policemen shooting guns. The defendant was arrested a short distance away by Officer Robert Hoobler.

EXCESSIVE SENTENCE

Contempt of Court
The defendant contends the six month consecutive sentence for contempt of *233 court is excessive. This claim is more appropriately raised by a writ of review, see LSA-C.Cr.P. art. 912.1 C(1). However, we will address the claim in the interest of judicial economy. Cf. State ex rel. Hess v. Guste, 603 So.2d 196 (La.App. 4th Cir.), writ den. 607 So.2d 562 (La.1992).
The record does not show all of the defendant's actions in the courtroom. The transcript of the November 5, 1992 hearing reads:
REPORTER'S NOTE: (THE DEFENDANT CREATED AN OUTBURST IN THE COURTROOM.)
THE COURT: Give him six months extra for contemptsix months Orleans Parish, consecutive to any other sentence.
DEFENDANT: Kiss my ass too, bitch.
THE COURT: Six months, consecutive to any other sentence he is presently serving, Orleans Parish Prison. Trial is reset Wednesday, November 18, '92, nine o'clock.
Six months is the maximum imprisonment for contempt. LSA-C.Cr.P. art. 25(B). In State v. Bullock, 576 So.2d 453 (La.1991), the Louisiana Supreme Court upheld six month sentences for three profane remarks that the defendant made to the trial judge. The court ordered the sentences be concurrent since they were all part of a single contemptuous episode.[1]
The record does not describe the outburst in detail but it is clear that the defendant created an outburst and used obscene and offensive language in the presence of the court.
The sentence for contempt is not grossly out of proportion to the severity of the offense. See State v. Telsee, 425 So.2d 1251 (La.1983).

Aggravated Battery
The defendant claims the sentence for aggravated battery is constitutionally excessive and the trial court failed to consider the Sentencing Guidelines and provide sufficient reasons for the sentence. He alleges that the officer escaped from the battery "relatively unharmed" and did not suffer permanent injuries.
The defendant was sentenced to ten years at hard labor on November 25, 1992, after the effective dates of the Felony Sentencing Guidelines, LAC Title 22:IX § 101 et seq., and revised LSA-C.Cr.P. art. 894.1.
Ten years is the maximum sentence under LSA-R.S. 14:34. The Sentencing Guidelines recommend a sentence of 96 to 126 months (8 to 10 ½ years) when the defendant has a criminal history index of 3 to 3.9, but a discretionary sentence of 36 to 60 months (3 to 5 years) when the criminal history index is 0. The State submits three prior convictions which establishes a criminal history index of 3.5, and attaches to its brief copies of the arrest registers, bills of information, court minutes and guilty plea forms. The copies are not a part of the record and there is no indication the trial judge was aware of the convictions.
The court stated that it was "aware of 894.1 subparagraph `A' and `B' of the Code of Criminal Procedure" and found 1) there was undue risk that during the period of a probated sentence or suspension the defendant would commit another crime; 2) the defendant is in need of correctional treatment or custodial environment that can be most effectively provided by commitment to an institution; 3) any lesser sentence would deprecate the seriousness of the crime. The court considered that "the defendant received somewhat a break from the District Attorney's Office and [sic] that they only charged him with the crime of aggravated battery" rather than attempted murder; the court believed the defendant "would have rolled over the police officer if he could have in an attempt to kill him" and intended to hit the officer "in an attempt to flee from the pursuing officers." The court denied probation and a suspended sentence because none of the mitigating factors of Article 894.1(B) were present and "because (the defendant) was previously convicted of felony offense for violence within a period of five years from the date of this particular crime." The court did not specify the prior felony.
*234 The Louisiana Supreme Court recently stated that the Sentencing Guidelines "are not mandatory" and held:
(1) while a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
State v. Smith, 93-0402 (La. 7/5/94); 639 So.2d 237. [Emphasis in original]
Under Smith the trial judge has "complete discretion to reject the Guidelines" which means the suggested sentence may be ignored, as well as the listed aggravating and mitigating factors. As long as the trial judge considers the Guidelines and states the considerations and basis for the sentence, appellate review is limited to constitutional excessiveness. Smith does not require a statement on the record that the trial judge considered the Guidelines.
The trial court clearly articulated considerations and the factual basis for the sentence. Thus, we will consider whether the sentence is excessive.
La.Const. Art. I, § 20 (1974) prohibits excessive punishment. Punishment is unconstitutionally excessive if 1) it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless and needless imposition of pain and suffering or 2) is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d at 1253; State v. Villavicencio, 528 So.2d 215, 217 (La.App.4th Cir.), writ den., 533 So.2d 14 (La.1988). The sentencing court has great discretion. State v. Villavicencio, 528 So.2d at 217. A maximum sentence is reserved for the most egregious and blameworthy of offenders. State v. Telsee, 425 So.2d at 1253.
The factors articulated by the trial court as required by LSA-C.Cr.P. art. 894.1 and Smith are an important aid in reviewing an allegedly excessive sentence. Cf. State v. Telsee, supra; State v. Sepulvado, 367 So.2d 762 (La.1979). Telsee and Sepulvado held that the criteria under LSA-C.Cr.P. art. 894.1 (1977) are to be considered when determining if a sentence within statutory limits is excessive.
In addition to the aggravating factors listed in former Article 894.1, the trial court noted that the defendant could have been charged with attempted murder, and the defendant committed aggravated battery while attempting to flee from the police. Fortunately, Officer Heck was not seriously injured.
The record shows that the defendant, while fleeing from the police, stole a truck and deliberately tried to run over Officer Heck. The defendant clearly intended to seriously injure or kill Officer Heck. The defendant's actions were egregious and sufficient to support a charge of attempted murder. The ten year sentence under these facts is not excessive.

Consecutive Sentences
The defendant argues that the trial court failed to state a reason for imposing consecutive sentences and that the offenses arose from the same transaction or event.
If a defendant is convicted of two or more offenses based on the same act, the terms of imprisonment shall be served concurrently unless the court expressly directs otherwise. LSA-C.Cr.P. art. 883. Consecutive sentences for crimes arising out of the same act are not excessive per se if the trial court considers appropriate factors when imposing the sentence. The trial court must articulate justification for such a sentence. State v. Scott, 593 So.2d 704, 701 (La.App.4th Cir.1991), citing State v. Messer, 408 So.2d 1354 (La.1982).
*235 The trial court did not express reasons for imposing consecutive sentences. The factors articulated by the judge in sentencing the defendant to ten years on the aggravated battery charge were not considered by the court when it imposed consecutive sentences. Therefore, we remand for the trial court to articulate reasons for imposing consecutive sentences under the theft and aggravated battery convictions. The defendant's right to review the sentences after the trial court articulates reasons is reserved.

INCOMPLETE TRANSCRIPT
In his pro se brief, the defendant contends he is entitled to a new trial because the appellate record does not contain a transcript of the voir dire, closing arguments and jury instructions. He asserts that a complete transcript is unavailable because the argument and rulings on all objections during trial were made at the bench and not recorded, and he claims that he is unable to determine whether the State exercised its peremptory challenges during voir dire in a racially discriminatory manner.
LSA-C.Cr.P. art. 843 provides in pertinent part:
In felony cases ... the clerk or court stenographer shall record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel.
In State v. Ford, 338 So.2d 107 (La. 1976), the Supreme Court reversed a conviction where appellate counsel was not counsel at trial and the court reporter did not record the testimony of four state witnesses, voir dire and the State's opening statement. The court held: "Without a complete record from which a transcript for appeal may be prepared, a defendant's right of appellate review is rendered meaningless." Id. at 110.
However, when the record establishes that no objection was made during the pertinent portions of the proceedings, reversal is not warranted. See State v. Francis, 345 So.2d 1120 (La.1977), cert. den., 434 U.S. 891, 98 S.Ct. 267, 54 L.Ed.2d 177 (1977). The defendant in Francis claimed the court reporter recorded but did not transcribe voir dire, closing arguments, the state's opening statement and jury instructions. The Supreme Court distinguished Ford and affirmed the conviction based on an affidavit by the court reporter that no objection was noted during those portions of the proceedings. See also State v. Valentine, 570 So.2d 533 (La.App.4th Cir.1990), in which this Court held that it was not error to refuse to order production of the transcript of jury charges because the minute entry of trial did not reflect an objection during that portion of the trial and appellate counsel was precluded from raising that claim; and State v. Lyons, 597 So.2d 593 (La.App.4th Cir.1992), in which this Court affirmed a conviction although the record did not contain a transcript of voir dire, impaneling of the jury or opening statements, because the defendant did not urge an error in those portions of the trial and failed to request the relevant transcripts.
In this case, the opening statement by the State (the defense waived its opening statement) and the testimony of all witnesses were transcribed. Voir dire, closing argument and jury instructions were not transcribed in their entirety. In response to an order of this Court, those portions of the proceedings were transcribed and the court reporter certified that there were no objections during closing arguments and jury instructions.
Objections during examination of witnesses were ruled upon, recorded and transcribed. Defendant and his counsel had full review of that portion of the proceedings.
The record as supplemented establishes that the defense did not object to the state's exercise of its peremptory challenges and no objection was made during voir dire which affected the defendant's substantive rights.[2] *236 The minute entry does not show an objection during closing arguments or jury instructions and the court reporter certified in the record that there were none. Three objections were made during the state's rebuttal argument.[3] The defendant does not state and the record does not show that his substantive rights were affected. See State v. Baker, 582 So.2d 1320, 1335 (La.App.4th Cir.1991), writ den., 590 So.2d 1197 (La. 1992), cert. den., ___ U.S. ___, 113 S.Ct. 62, 121 L.Ed.2d 30 (1992). Defendant is not entitled to a new trial based on an incomplete record on appeal.

PEREMPTORY CHALLENGES
In his third pro se assignment the defendant claims that the State exercised its peremptory challenges in a racially discriminatory manner in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), but states he cannot determine this claim due to the lack of a complete trial transcript. The record as supplemented by order of this Court shows that the defense did not object to the State's exercise of its peremptory challenges and this claim was not preserved for appeal. State v. Williams, 524 So.2d 746 (La.1988).

PRISON ATTIRE
The defendant next claims that he was tried in prison attire and his counsel was ineffective because he failed to object. The defendant's argument is styled ineffective assistance of counsel but he also argues that his constitutional right to due process was violated.
Compelling a defendant to stand trial in readily identifiable prison attire over his express objection infringes on the defendant's presumption of innocence and denies him due process of law. LSA-Const. Art. I, Sec. 16 (1974); Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); State v. Brown, 585 So.2d 1211, 1212 (La. 1991). A defendant's failure to timely object is sufficient to negate the presence of compulsion necessary to establish a constitutional violation. State v. Brown, 585 So.2d at 1213; State v. Martin, 624 So.2d 448, 450 (La. App.4th Cir.1993).
The transcript reveals that the defendant was tried in prison attire; a witness identified the defendant as the individual "wearing a white sweat shirt and blue trousers with `O.P.P.' stamped on them." At sentencing, the defendant stated that he wore prison clothes over his objection and the assistant district attorney noted that defense counsel waived the objection.[4]
Where the defendant does not timely object or waives an objection, there is no compulsion which amounts to a constitutional violation. See State v. Martin, 624 So.2d at 450. An attorney's conduct in failing to object may bind the client since it is a tactical choice or "trial-type right." Estelle v. Williams, 425 U.S. at 515 n. 4, 96 S.Ct. at 1698 n. 4. The record does not show an objection by the defendant or his counsel to the defendant's being tried in prison attire. This assignment is without merit.

INEFFECTIVE ASSISTANCE OF COUNSEL
Defendant claims counsel was ineffective for failing to object to his being tried in prison attire and for failing to investigate *237 the case before trial. An ineffective assistance of counsel claim is more properly raised by an application for post conviction relief. However, the issue will be considered on appeal if the record is complete. State v. Martin, 624 So.2d at 450.
To establish an ineffective assistance of counsel claim, the defendant must show that his counsel's performance was deficient and the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show prejudice the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." State v. Martin, 624 So.2d at 450, quoting State v. Bienemy, 483 So.2d 1105, 1107 (La. App.4th Cir.1986).
In State v. Martin this Court held that the defendant was not denied due process by being tried in prison attire because he failed to timely object. This Court denied the defendant's ineffective assistance of counsel claim because there was no showing that counsel's failure to object prejudiced the defendant.
Martin did not decide whether counsel's failure to object was deficient, but simply considered whether the defendant had been prejudiced. The Court stated:
Conceding that defense counsel's performance was deficient does not end the analysis. The defendant must show that counsel's performance caused prejudice.
Martin, 624 So.2d at 451.
The failure to object to the defendant being tried in prison attire is not necessarily deficient. However, assuming that defense counsel's failure to object was error, the defendant did not demonstrate a reasonable probability that but for counsel's error the result of the proceeding would have been different. Lange Gamble testified that the defendant entered and started the truck over Gamble's protests. Officer Johnny Heck testified that he saw Lange Gamble trying to force the defendant out of the truck. He testified that he made eye contact with the defendant who then drove the truck toward Officer Heck and struck him. The defendant fled and was apprehended by Officer Robert Hoobler. Gamble, Officer Doucette and Officer Heck positively identified the defendant at trial. The defendant failed to show that the outcome of his trial would have been different if counsel had objected to prison attire. The second prong of Strickland was not satisfied.
The second basis of the defendant's ineffective assistance of counsel claim is that his attorney failed to investigate the case prior to trial. The record is insufficient to determine that claim and it is not considered.

BRADY INFORMATION
The defendant claims in his fourth assignment of error that the State withheld exculpatory information in contravention of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), specifically, the identity of two police officers allegedly at the scene and the hospital records for Officer Heck following the incident. Officer Heck testified that he saw two police officers at the scene who discharged their guns but Officer Heck did not identify them and they were not called to testify. Further, Officer Heck testified that he was treated for injuries after the incident.
The defendant does not show how this information would have changed the outcome of trial. He claims that he would have used the testimony of the two unidentified officers to show that he was the target of three police officers and that the resulting fright caused him to drive the truck toward Officer Heck. Officer Heck testified that the unidentified officers were discharging their weapons, so the jury was aware of the circumstances surrounding the defendant's driving toward Officer Heck. This assignment is without merit.
We examined the record for errors patent and found none.

CONCLUSION
For the foregoing reasons, the defendant's convictions are affirmed and the defendant's sentences are affirmed as to excessiveness. *238 The matter is remanded for the trial court to articulate reasons for imposing consecutive sentences and the defendant's right to seek review of those reasons is reserved.
CONVICTIONS AFFIRMED; SENTENCES AFFIRMED AS TO EXCESSIVENESS; REMANDED
JONES, J., dissents.
NOTES
[1] In Bullock the Supreme Court vacated four contempt citations that were based on additional profane remarks by the defendant because the remarks were prompted by the trial judge.
[2] Defense counsel objected three times during voir dire, specifically, to the assistant district attorney questioning prospective jurors about whether police officers work hard, about interpretation of facts, and about reasonable doubt. The trial court ruled that counsel may not "poll the jury" on the facts of the case and that the court would instruct the jury on the reasonable doubt standard.
[3] The defense objected to the ADA reading a portion of Louisiana's theft statute to the jury (the trial court responded that it would properly instruct the jury); to the ADA's statement that the State represents the people (objection sustained); and a third objection based on relevancy (the trial court directed counsel to proceed with argument).
[4] The sentencing transcript reads in pertinent part:

BY THE DEFENDANT:
I would like to say that I was tried in my prison clothes that was in violation of my constitutional rights.
BY THE COURT:
That was already noted on the record.
BY THE DEFENDANT:
That is violation of my constitutional rights. Take that into consideration of the sentence. Thank you, Your Honor.
BY MR. LUCORE [ADA]:
Your Honor, State would note that counsel was aware of that. Counsel waived.