699 So.2d 461 (1997)
STATE of Louisiana
v.
Eddie D. LEE.
No. 96-KA-2392.
Court of Appeal of Louisiana, Fourth Circuit.
August 13, 1997.
*462 Harry F. Connick, District Attorney of Orleans Parish, Val M. Solino, C. Byron Berry, Jr., Assistant District Attorneys of Orleans Parish, New Orleans, for State.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before CIACCIO, LOBRANO and PLOTKIN, JJ.
PLOTKIN, Judge.
The issues presented in this appeal are whether the defendant was denied due process of law because he was tried in his prison clothes and whether the trial court erroneously sentenced him to a below minimum sentence, notwithstanding he is HIV positive. We affirm the conviction, vacate the sentence and remand for resentencing in accordance with the Habitual Offender Law.
Defendant Eddie D. Lee was charged with one count of possession of cocaine with the intent to distribute in violation of La. R.S. 40:967. His motion to suppress the evidence was denied and probable cause was found. He entered a plea of not guilty on April 18, 1996 and proceeded to trial on June 5, 1996. The jury returned a verdict of guilty of the lesser offense of simple possession of cocaine. The trial court sentenced him to five years imprisonment at hard labor.
On June 26, 1996, the State filed a multiple bill of information charging the defendant as a fourth offender. Lee admitted that he was the same person named in prior convictions. The court invoked the provisions of State v. Dorthey, 623 So.2d 1276 (La.1993) finding the minimum sentence of life imprisonment under the Habitual Offender Law to be unconstitutionally excessive. See La. R.S. 15:529.1. The previous five year sentence was vacated and Lee was sentenced to thirteen years imprisonment. In response to the court's sentence, the State objected and appealed.

FACTS:
On March 26, 1996, Sergeant Steven Gaudet was investigating narcotics activity in the area of Erato and Saratoga Streets, which has a documented history as a haven for narcotics trafficking. Sergeant Gaudet was assisted by Sixth District officers Jake Schnapp and Brian Lampard. Sergeant Gaudet observed two black males in the 2100 *463 block of Erato. The defendant was dressed in a green-hooded sweatshirt and was recognized by Sergeant Gaudet as Eddie D. Lee, the defendant. The other man was facing the defendant and in his extended hand, was holding U.S. currency. The defendant was about to accept the currency when the men observed Gaudet's vehicle. They parted and began walking away. Sergeant Gaudet notified Officers Schnapp and Lampard of what he witnessed, giving them a description of the defendant. Those officers proceeded to 1310 Erato where Officer Lampard exited the police car. Officer Lampard proceeded down an alley that is a known escape route for alleged drug dealers. He observed the defendant attempting to flee through the backyard. The defendant was looking over his shoulder while slowing down. When the defendant suddenly saw Officer Lampard, he threw down a beige plastic bag.
Officer Lampard detained the defendant and radioed Sergeant Gaudet to notify him of the apprehension. After the defendant was turned over to Sergeant Gaudet, Officer Lampard returned to the rear of the house and retrieved a plastic wrapper containing seventeen rocks of crack cocaine. A search of the defendant's person incident to arrest uncovered $19.00 in U.S. currency.
At trial, all three officers identified the defendant's clothing, specifically a green sweatshirt and blue jeans. They also made in-court identifications of the defendant by reference to his OPP inmate shirt. The defense stipulated that the substance seized by Officer Lampard tested positive for cocaine. The defense presented no witnesses.

ERRORS PATENT:
Defense counsel has properly filed a brief requesting only a review of the record for errors patent. This court has enumerated certain factors to be examined by the court when reviewing for errors patent. State v. Benjamin, 573 So.2d 528, 531 (La.App. 4th Cir.1990).[1] The defendant was properly charged by bill of information with a violation of La. R.S. 40:967 and the bill was signed by the assistant district attorney. The defendant was present and represented by counsel at arraignment, all hearings, trial and sentencing. The State proved every element of simple possession of cocaine, the responsive verdict returned by the jury, beyond a reasonable doubt. An independent review reveals no non-frivolous issues and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal.
The only error patent noted is that the defendant's sentence violates the mandatory sentence outlined in the Habitual Offender Law. However, because the State has appealed and defense counsel has filed a brief answering this appeal, this issue will be discussed in connection with the State's assignment of error.

DEFENDANT'S ASSIGNMENT OF ERROR:
The defendant filed a pro se brief raising one assignment of error. His argument is that he was forced to wear recognizable prison garb at trial without objection by his counsel. The State had his clothing and used them as evidence at trial. Because the ultimate conviction was for a lesser offense, the appellant pro se postulates that he would have been acquitted if tried in civilian clothing. As noted in the facts above, all three police officers who testified identified the defendant in court by referencing his orange OPP inmate shirt.
This Court recently reviewed the applicable law with regard to a defendant being tried in prison attire. State v. Johnson, 96-1943 (La.App. 4th Cir. 4/16/97), 693 So.2d 233. In that case, we expressly reaffirmed that "[c]ompelling a criminal defendant to stand trial in readily identifiable prison attire over his express objection infringes upon his presumption of innocence." Id. at 235. Prior cases demanded that the objection be made before the jury is impaneled and not merely *464 for dilatory purposes. Thus, in State v. Martin, this Court found a defendant's objection to trial in a recognizable prison uniform untimely because it was made after the first witness was called. State v. Martin, 624 So.2d 448, 450 (La.App. 4th Cir.1993). writ granted in part, 94-1526 (La.9/20/96), 679 So.2d 414. However, in Johnson, the Court deviated from the above standard and reversed Johnson's conviction even though the objection to being tried in prison garb was made after voir dire was completed. This was a very narrow departure from the established standard based on the finding that the trial judge did not instruct the jury properly regarding the presumption of innocence in relation to the prison uniform.
In the instant case, no objection to the prison garb was made at trial by counsel for the defendant or by the defendant himself. The failure to make a timely objection is enough to negate the presence of compulsion necessary to establish a constitutional violation. Thus, defendant is not entitled to a new trial as this issue was waived. The appellant pro se does make a brief reference that his counsel was ineffective because of his failure to object. In State v. Martin, 624 So.2d 448, 450, this Court determined that counsel's failure to timely object to the defendant being tried in prison garb did not prejudice the defendant. However, the Supreme Court reversed that ruling and remanded for appointment of counsel and an evidentiary hearing to determine if counsel was ineffective. Therefore, this issue is not considered herein. The defendant may raise this issue on post-conviction relief.

STATE'S ASSIGNMENT OF ERROR:
The State has appealed the defendant's sentence, alleging that the district court did not sufficiently expound upon the unconstitutional excessiveness of the statutorily mandated life sentence. The defendant admitted to being a fourth offender and is subject to the Habitual Offender Law. La. R.S. 15:529.1. The trial court is required to explain in detail the thirteen year sentence imposed in derogation of the mandated sentence.
Initially, it should be noted that in his reply brief filed by counsel, the defendant attacks the State's appeal procedurally, arguing that it should be dismissed as untimely. Defendant claims that, although the State objected to the sentence at the time of its imposition on July 10, 1996, it did not move for an appeal until July 17, 1996, seven days later. La.C.Cr.P. art. 914 (B)(1) requires that a motion for appeal be made within five days from the rendition of the judgment or ruling. However, a review of the sentencing transcript reflects that the trial court stated that "[a]ll objections to the sentence can be noted by the State when the matter is appealed." The trial court made this statement after granting an appeal and setting a return date irrespective of the lack of a motion for an appeal by either party. It appears therefore that the trial court granted both parties appeals at the time of sentencing. Thus, the issue of timeliness is without merit.
The substance of the State's appeal addresses the trial court's departure from the mandatory terms of life imprisonment for a fourth offender. To justify a deviation from the mandatory statutory periods of incarceration the trial court must find the mandated term unconstitutionally excessive. State v. Dorthey, 623 So.2d 1276 (La.1993). An unconstitutionally excessive sentence contributes little to the acceptable goals of punishment, is grossly out of proportion to the severity of the crime and does no more than impose substantial pain and suffering. It is only in rare cases that a departure from the sentencing guidelines will be justified. The trial court must fully explain the reasons for the departure and not merely "mechanically utter the phrases contained in Dorthey." State v. Lacoste, 97-1113, p. 4 (La.App. 4th Cir. 5/28/97), 695 So.2d 1121. Exceptional facts and circumstances that may justify the exercise of judicial discretion include family history, prior criminal conduct and the impact of the crimes upon the victims. State v. Compton, 683 So.2d 853, 854 (La.App.1996). A lesser sentence must not be based on purely subjective grounds. State v. Young, 94-1636 (La.App. 4th Cir. 10/26/95), 663 So.2d 525, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223.
*465 In the instant case, after imposing the thirteen year sentence, the trial court stated:
The court is deviating from the mandatory minimum sentence of life imprisonment. Although the defendant, in my opinion, has a significant criminal history and I amthe rape conviction, in my opinion, is the one that is of most concern to me in May of 1983. I understand that it occurred in Jefferson Parish. I also understand he received a two-year sentence for pleading guilty to a charge of forcible rape ...
The jury finds him guilty of possession of cocaine in a jury trial in this court. I believe that I have to take into account the fact that the jury did come back and make a lesser finding, that they did not find him guilty of possession with the intent to distribute cocaine. But that they made a lesser finding of possession of cocaine.
I also note for the record the State informs me that other than those three convictions I have already listed Mr. Lee has a prior conviction for possession of PCP as well as a possession of a firearm by a convicted felon. Nonetheless, with five previous convictionsthis is his sixth felony convictionthis conviction is for the offense of possession of cocaine.
I again note that it is what I consider to be a large number of rocks, 17 pieces. I still, however, feel that to order him to be sentenced for the rest of his natural life, in my opinion, would be an excessive sentence that I feel that it would make no measurable contribution to the acceptable goals of punishment or that the sentence would amount, in my opinion, to nothing more than a needless purposeful imposition of pain and suffering and would be grossly out of proportion to the severity of the crime for which he has been found guilty, that of possession of cocaine.
It should also be noted for the record he indicates to me that he is positive for HIV...
It should be noted that he is housed in the parish prison on that tier with inmates who are presently suffering from the HIV.
The trial court's reasons for imposing a sentence below the statutory minimum are purely subjective and unsubstantiated. State v. Young, 663 So.2d 525. In Young, the trial court noted the defendant's serious criminal history, then imposed a sentence less than the minimum with no articulated reasons for having done so. In the instant case, the court repeatedly noted the aggravating factors in the defendant's criminal history, including crimes of violence and crimes involving weapons, and the facts of the present offense. However, no mention of significant mitigating factors was made. The court did no more than recite the phrases contained in Dorthey instead of making a careful consideration of the factors which would support a deviation from the legislatively-mandated minimum sentence. Those factors he did articulate support the mandatory life sentence rather than the lesser sentence of thirteen years imposed.
The trial record contains a letter addressed to Judge Cannizaro, not admitted into evidence, from the Louisiana Health Care Authority acknowledging the defendant as HIV positive. However, we decline to consider in this case, his HIV positive medical condition as a mitigating factor for sentencing purposes because of the defendant's long and serious criminal and anti-social history. Status as HIV positive is not a legislatively recognized mitigating factor for sentencing or for deviation from the mandatory minimum sentence prescribed under the Habitual Offender Law. Although we sympathize with the defendant, the state, through the Department of Corrections, has established medical policies and procedures to manage and support these prisoners. Because HIV and AIDS are prevalent in prisons today, reasonable and compassionate policies for the management of prisoners as they progress through the stages of this disease exist.

CONCLUSION:
The defendant's conviction is affirmed. The sentence is vacated, and the case remanded for resentencing in accordance with the Habitual Offender Law.
*466 CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.
NOTES
[1] "This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal." State v. Benjamin, 573 So.2d 528, 531.