619 So.2d 178 (1993)
Glenda Ardoin KLEISER, Plaintiff-Appellee,
v.
Kirkland KLEISER, Defendant-Appellant.
No. 92-1129.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1993.
*179 Russell Karl Zaunbrecher, Crowley, for defendant-appellant Kirkland Kleiser.
I. Jackson Burson, Jr., Eunice, for plaintiff-appellee Glenda Ardoin Kleiser.
Before DOUCET, KNOLL and COOKS, JJ.
DOUCET, Judge.
This is an appeal from a judgment of the district court sustaining an exception of res judicata and dismissing a petition to change custody and child support. The parties, Glenda Ardoin Kleiser and Kirkland Kleiser, were divorced by a judgment of the district court on September 12, 1991. On April 12, 1991, while the petition for divorce was pending, the parties entered into an extensive written agreement, which provided for the custody and support of their two minor children and resolved some of the community property issues. The provisions of the agreement were incorporated in a judgment rendered by the district court on April 30, 1991. That judgment was in turn affirmed and incorporated by reference in the judgment of divorce.
Under the terms of the stipulated judgment, Glenda was awarded sole custody of the children, and Kirkland was ordered to pay child support in the amount of $700.00 per month. On February 18, 1992, Kirkland filed a petition to modify the provisions for custody and support. Glenda responded with an exception of res judicata and no cause of action.
The district court sustained the exception and dismissed Kirkland's petition. The trial judge's written reasons for ruling and the judgment recite that the exception of res judicata was sustained. No mention was made of the exception of no cause of action, but some of the comments in the reasons for ruling suggest that it influenced the decision to dismiss the petition.
Kirkland argues on appeal that res judicata does not apply to decrees of child custody and support. We agree. For the doctrine of res judicata to apply, the judgment must be a final judgment. LSA-R.S. 13:4231; Succession of Russell, 590 So.2d 606 (La.App. 3rd Cir.1991), writ denied, 591 So.2d 700 (La.1992); Professional Occupational Therapy Services, Inc. v. Vanco Human Services, Inc., 572 So.2d 331 (La. App. 5th Cir.1990).
Judgments awarding custody and child support are always subject to modification and are thus never final. Davis v. Davis, 238 La. 293, 115 So.2d 355 (1959); Willis v. Willis, 209 La. 205, 24 So.2d 378 (1945); Patrick v. Patrick, 496 So.2d 521 (La.App. 1st Cir.1986). Consequently, such judgments will not bar subsequent actions brought to modify the provisions for custody and support. Benoit v. Lestremau, 603 So.2d 269 (La.App. 5th Cir.1992).
While we find that the trial judge erred in sustaining the exception of res judicata, we note that his written reasons for ruling suggest that he might have deemed the exception of no cause of action an alternative basis for dismissing the petition. The trial judge specifically noted that Kirkland had not alleged that the existing custodial *180 situation is in any way harmful or detrimental to the children. He subsequently reiterated that observation, as follows:
"In reviewing the Consent Judgment entered into by Mr. and Mrs. Kleiser in this matter, the Court is impressed with the way in which the agreement was drawn up with the specific intent to protect these children. The Court also notes with interest that the judgment referred to herein was signed as recently as April 30, 1991. Mr. Kleiser did not even wait one year after the agreement was reached to file a Rule to Reduce Child Support and to alter custody. He also has not asserted that the existing plan of custody is detrimental to the children."
In Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), the Louisiana Supreme Court held that a party seeking a modification of a considered decree of permanent custody bears a heavy burden of proving that the continuation of the present custodial arrangements is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of the child's environment is substantially outweighed by its advantages to the child. Kirkland correctly argues that Bergeron does not apply to the consent decree in this case.
The heavy burden of proof enunciated in Bergeron is inapplicable in cases in which the original custody decree is a stipulated judgment and not a considered decree. The applicable standard in such cases is what is in the best interests of the child. Simmons v. Simmons, 554 So.2d 238 (La. App. 3rd Cir.1989).
Although the Bergeron burden of proof is not applicable, a party seeking a modification of a consent decree must still establish that there has been a material change of circumstances since the custody decree was rendered. Chandler v. Grass, 600 So.2d 852 (La.App. 3rd Cir.1992); Schubert v. Schubert, 605 So.2d 666 (La. App. 2nd Cir.1992), writ denied, 609 So.2d 230 (La.1992); Norris v. Norris, 604 So.2d 107 (La.App. 2nd Cir.1992). In the same manner, a party seeking a modification of a child support award bears the burden of proving a change in circumstances since the rendition of the prior judgment fixing the amount of support. Preis v. Preis, 610 So.2d 163 (La.App. 3rd Cir.1992), writ denied, 612 So.2d 103 (La.1993); Betts v. Betts, 549 So.2d 1246 (La.App. 3rd Cir. 1989), writ denied, 552 So.2d 402 (La.1989).
In the third paragraph of his original petition, Kirkland alleged the following grounds for modifying the custody and support provisions:
"Petitioner desires and is entitled to joint custody of the minor children of the marriage. As a result of an award of joint custody by the court in this matter, petitioner desires and is entitled to have the child support reduced."
After the exception was filed, Kirkland amended his petition by adding the following paragraph:
"Subsequent to the above judgment, circumstances have changed for both parties in this matter. The change is more particularly, but not exclusively, the remarriage of petitioner, the increase in age of the children, the death of petitioner's father and the change in the financial circumstances of both parties."
We find these allegations sufficient to state a cause of action. LSA-C.C.P. Art. 854; Haskins v. Clary, 346 So.2d 193 (La. 1977); Flournoy v. Flournoy, 546 So.2d 617 (La.App. 3rd Cir.1989).
For the foregoing reasons, the judgment of the district court is reversed, and this matter is remanded for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.