643 So.2d 408 (1994)
Jeffrey Lynn COOLEY, Plaintiff-Appellant,
v.
Kristi Ann COOLEY, Defendant-Appellee.
No. 94-251.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
*409 David L. Wallace, DeRidder, for Jeffrey Lynn Cooley.
Richard Alan Morton, DeRidder, for Kristi Ann Cooley.
Before LABORDE, KNOLL and THIBODEAUX, JJ.
KNOLL, Judge.
This appeal involves Jeffrey Cooley's attempt to modify an earlier consent decree involving the joint custody of his minor son and his motion to have his former wife, Kristi Cooley, held in contempt of court for failing to obey the joint custody order. The trial court found that Jeffrey failed to show that there was a material change in circumstances since the entry of the consent decree and further held that Kristi did not violate the consent decree.
Jeffrey appeals, contending that the trial court erred: (1) by failing to determine that there was a material change of circumstances that was detrimental to his minor son and therefore declined to change custody; and, (2) in failing to find Kristi in contempt for violating an order of the trial court that prohibited her from having a man present overnight with her when the minor child was present in the apartment. We affirm.

FACTS
Jeffrey and Kristi were married on December 8, 1990, and resided in Beauregard Parish. On May 6, 1991, their son, Jacob, was born. Jeffrey and Kristi physically separated on January 8, 1993, and Jeffrey filed a petition for divorce on January 12, 1993, seeking, inter alia, sole custody of Jacob. Kristi filed responsive pleadings and on January 21, 1993, she filed a petition seeking joint custody of Jacob, child support, and other relief. On February 1, 1993, the parties signed a stipulated judgment that granted them joint custody of Jacob, designated Kristi as the principal domiciliary parent, and granted Jeffrey reasonable visitation. Furthermore, the judgment provided that Jeffrey and Kristi would share equal time with Jacob. Among the parties, they agreed to alternate weeks of custody and exchanged Jacob every Sunday afternoon.
On August 1, 1993, Jeffrey filed supplemental pleadings, seeking a divorce based on Kristi's adultery and asking that the February 1st consent judgment be modified to designate him as Jacob's domiciliary custodian. On November 10, 1993, Kristi answered Jeffrey's supplemental pleadings and reconvened, seeking to modify the February 1st consent judgment to provide that Jeffrey's visitation rights be limited to alternating weekends and holidays.
*410 After taking evidence on November 22, 1993, the trial court granted Jeffrey's petition for divorce, but found that neither he nor Kristi proved a material change in circumstances which warranted an amendment of the custody provisions established earlier in the consent judgment. Jeffrey then perfected this appeal.

MODIFICATION OF CONSENT JUDGMENT
Jeffrey contends that the trial court erred by failed to find that he proved by a preponderance of the evidence that a material change of the parties' circumstances occurred subsequent to the consent judgment which was detrimental to Jacob.
The trial court's determination in a child custody case is entitled to great weight on appeal and will not be disturbed unless there is a clear abuse of discretion. Stanley v. Stanley, 592 So.2d 862 (La.App. 3 Cir. 1991). In the case sub judice, since the prior consent decree was not a "considered decree," Jeffrey was only required to show a material change in circumstances since the entry of the original decree and that the modification of custody was in the best interest of the minor child. Kleiser v. Kleiser, 619 So.2d 178 (La.App. 3 Cir.1993).
In the present case, Jeffrey's primary assertion is that Kristi spent one night at her apartment in DeRidder with a man, and that she also engaged in sexual contact with another man after she moved to an apartment in Baton Rouge. In both instances, Jeffrey points out that although his minor son was not directly exposed to the sexual contact, he nonetheless was present in the apartment at the time of these encounters.
In Montgomery v. Marcantel, 591 So.2d 1272, 1273, 1274 (La.App. 3 Cir.1991), we stated:
"The moral fitness of the parties is only one of eleven factors to be considered in determining when the presumption in favor of joint custody has been rebutted by a showing that it is not in the best interest of the child. La.C.C. art. 146(C). A parent's actions and attitudes toward sex outside of marriage are but one aspect of moral fitness.
* * * * * *
The issue here is not whether the relationship between a man and a woman is morally acceptable, but whether that relationship adversely affects the child involved.
* * * * * *
An award of custody is not a tool to regulate human behavior. In Stephenson v. Stephenson, 404 So.2d 963 (La.1981), a unanimous Supreme Court reversed the appellate court and awarded custody to a mother living in open adultery as she was otherwise a good parent. In Cleeton v. Cleeton, 383 So.2d 1231 (La.1979), on rehearing, the Supreme Court held that to change custody simply because of concubinage would be to punish the mother when there is no proof of detrimental effect on the daughters. We recognize that in today's society conduct which would once have been scandalous is acceptable or, perhaps, even the norm. We can no longer immediately conclude that a situation where a couple living together without the benefit of marriage, without any evidence to support the conclusion, is injurious to a child's well being. We are no longer willing to speculate on such matters." (Citations omitted.)
The trial court in the case sub judice, after referring to the aforestated jurisprudence, concluded that even conceding Kristi's adulterous meetings, there was no evidence "that the child was exposed to this sexual activity whatsoever." In his brief before this court, Jeffrey admits that there was no evidence to indicate that his minor son was directly exposed to Kristi's sexual contact with other men. Accordingly, we find no error in the trial court's conclusion that Kristi's adulterous meetings after the entry of the stipulated custody decree was insufficient to mandate a change in child custody.
Additionally, Jeffrey argues that Kristi's establishment of her residence in Baton Rouge (at the time of the stipulated judgment, she lived in DeRidder) constituted a material change of circumstances which adversely affected Jacob. The trial court's *411 oral reasons for judgment show that it carefully considered the evidence on this point, making specific reference to the time spent each week transferring Jacob, and found that the minor child was not harmed by this arrangement. After carefully reviewing the record, we cannot find that the trial court was manifestly erroneous in reaching this conclusion.
Jeffrey further contends that custody should be transferred to him because Kristi exposes Jacob, an asthmatic, to secondhand cigarette smoke. Although we can appreciate Jeffrey's concern in this regard, after carefully reviewing the record, we cannot find that this fact constituted a change in circumstances. Succinctly stated, the record is void of evidence that Kristi did not smoke cigarettes at the time of the stipulated judgment. Accordingly, Jeffrey has failed to carry his burden of proving a change in circumstances in this regard.

DENIAL OF JEFFREY'S MOTION FOR CONTEMPT
Jeffrey next contends that the trial court erred in failing to find Kristi in contempt for violating a provision in their February 23, 1993, judgment which restricted her from having overnight male visitations while she had physical custody of Jacob.
It is well settled that a judgment related to contempt proceedings is not appealable and the only remedy is to apply to the appellate court for supervisory relief. Miller v. Miller, 610 So.2d 183 (La.App. 3 Cir.1992). Accordingly, since Jeffrey failed to seek supervisory writs on this aspect of the litigation, we find that the trial court's denial of his motion for contempt is not properly before us.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Jeffrey Lynn Cooley.
AFFIRMED.