JjDUFRESNE, J.
This is an appeal by the Louisiana Department of Social Services/Office of Community Services from a judgment holding it in contempt for allegedly interfering with a child visitation judgment issued in a case in which the agency was never involved as a party, as a witness, or in any other capacity. For the following reasons, we set aside that contempt judgment and dismiss the matter with prejudice insofar as it relates to DSS/OCS and its two named social workers.
Because the contempt judgment complained of here is one for violation of an order of the court, it is final and therefore appealable, Pittman Construction Co., Inc. v. Pittman, 96-1079 (La.App. 4th Cir.3/12/97), 691 So.2d 268.
This matter arose as follows. In February of 1997, a divorce judgment was entered in which the father of two small children was awarded “reasonable visitation.” Although the record of facts underlying the issuance of the contempt order is sketchy at best, it appears that the [^dispute originated in July of 1998, when DSS/OCS received information that the father may have been sexually abusing his three year old daughter. The two OCS case workers handling the file notified him that he was forbidden to have unsupervised visitation until such time as the matter had been fully investigated. There is some dispute as to whether he acquiesced in this prohibition, but in any case he consulted his attorney about the problem. Sometime in November or early December, his attorney contacted OCS about what he perceived to be an improper interference in the father’s court ordered visitation. Almost immediately, on December 3, 1998, OCS filed in juvenile court an application for an instanter order placing the girl in their custody, which was originally granted, but later set aside based on the father’s representations that he was not seeing the child. On January 28, 1999, OCS filed a child in need of care petition in the juvenile court. OCS represented during the February 1, 1999, contempt hearing at issue here that these juvenile court proceedings were then still pending, and there was no showing by the father’s attorney to indicate otherwise.
On December 14, 1999, the father’s attorney filed the present rule against the two social workers individually. The trial judge entered an order to the case workers to appear on February 1, 1999, and show cause why they should not be found in contempt of court as per La.Code Civ. Pro., Art. 224(2).
In response, OCS filed an opposition to the rule asserting basically that no contempt for violating an order of the court in the divorce proceeding could be found because the OCS was a complete stranger to that suit and was not constrained by that prior visitation order. After | ¡¡hearing arguments of counsel in which the above recitation of facts was set forth, but without hearing any testimony or taking any other evidence, the trial judge held OCS in contempt. The judgment recites that in prohibiting the father from visiting the child without instituting court proceedings, the case workers violated Children’s Code, Arts. 621(A & B) and 624, as well as *1182 provisions of the OCS policy manual. He also ordered OCS to pay $500 .00 in attorney fees to the father’s counsel for bringing the rule. OCS now brings this appeal.
Constructive contempt of court is defined in Code Civ. Pro., Art. 224(2) as “[willful neglect or violation of any lawful judgment, order, mandate, writ, or process of the court.” A proceeding to hold someone in contempt under this statute is criminal in nature, and therefore all of the constitutional protections afforded persons accused of crimes apply, including the burden of proving guilt beyond a reasonable doubt, State in Interest of R.J.S., 493 So.2d 1199 (La.1986).
In the present case, the visitation judgment at issue was not directed to the OCS, which was a never a party to the proceedings or involved in them in any way. There was no showing made on the record that OCS was served with a copy of the judgment or was even aware of it during the times pertinent here. In these circumstances, it is virtually impossible to conclude that OCS or its social workers “willfully neglected or violated” the order, even assuming that it was applicable to them, much less to do so beyond a reasonable doubt. The contempt order must therefore be set aside.
We finally note that we do not reach the question of whether the agency acted improperly under either the Children’s Code or its own | ¿procedures, or otherwise violated any of the father’s rights. If he believes the agency’s treatment of him is actionable, the courts are open to him to pursue the matter as he sees fit. We only rule here that the present order of contempt is defective and must be set aside.
For the foregoing reasons, the judgment of contempt is hereby vacated, the order for payment of $500.00 in attorney fees is likewise set aside, and the contempt rule urged against DSS/OCS and its two named case workers, Darlene Watson and Cheryl Boty, is dismissed with prejudice.

ORDER VACATED AND SET ASIDE.