772 So.2d 909 (2000)
Amanda J. STILTNER
v.
Samuel STILTNER, Warren Boteler and Linda Boteler.
No. 2000-C-2079.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 2000.
Salvador J. Randazzo, Chalmette, LA, Counsel for Plaintiff-Relator.
Mary Beoubay Petruccelli, Tracy Ann Petruccelli, Chalmette, LA, Counsel for Defendant-Respondent.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge STEVEN R. PLOTKIN, Judge PATRICIA RIVET MURRAY.
PLOTKIN, Judge.
Plaintiff Amanda J. Stiltner seeks supervisory review of two trial court rulings: (1) a ruling maintaining two previous consent judgments in this child custody case, and (2) a ruling imposing sanctions on Ms. Stiltner and her attorney, Salvador Joseph Randazzo.
Concerning the first ruling, we find that the trial judge did not abuse his discretion in maintaining the consent judgments or in selecting Family Services of Greater New Orleans to perform an evaluation of the parties.
Concerning the second ruling, we find that Ms. Stiltner improperly sought review of a final, appealable contempt judgment by application for supervisory *910 writ. Prior to the 1999 amendments to La. C.C.P. art.1915, a contempt judgment was considered an interlocutory decree, reviewable only on application for supervisory writs. See Cooley v. Cooley, 94-251 (La.App. 3 Cir. 10/5/94), 643 So.2d 408; State ex rel. Hess v. Guste, 603 So.2d 196 (La.App. 4 Cir.1992), writ denied, 607 So.2d 562 (La.1992); Sears, Roebuck & Co. v. Britton, 539 So.2d 962 (La.App. 2 Cir. 1989). The Louisiana Fourth Circuit Court of Appeal in Pittman Construction Co. v. Pittman, 96-1079 (La.App. 4 Cir. 3/12/97), 691 So.2d 268, writ denied, 97-0960 (La.5/16/97), 693 So.2d 803, recognized an exception to that rule in cases where the object of the court proceedings is to hold someone in contempt for violating a direct order of the court, in which case "a direct appeal is the most appropriate remedy." Id. at 3, 691 So.2d at 269. See also Thibodeaux v. Thibodeaux, 99-618 (La.App. 5 Cir. 11/10/99), 748 So.2d 1180.
However, La. C.C.P. art.1915(A)(6) now allows the appeal of a judgment that "[i]mposes sanctions or disciplinary action pursuant to Article 191, 863, or 864." La. C.C.P. art. 191 refers to the inherent power of courts, while La. C.C.P. arts. 863 and 864 refer to contempt arising from the signing of court pleadings. Thus, all contempt judgments are now considered final judgment, subject to immediate appeal. Accordingly, we dismiss Ms. Stiltner's application for supervisory writs to the extent it seeks review of the trial court order imposing sanctions and convert the application for supervisory writs into an appeal. Appellant/relator must comply with the ordinary rules governing appeals.
WRIT DENIED IN PART; DISMISSED IN PART; CONVERTED TO APPEAL IN PART.