998 So.2d 751 (2008)
PARISH OF ST. CHARLES THROUGH the DEPARTMENT OF PLANNING AND ZONING
v.
Douglas BORDELON.
No. 08-CA-385.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2008.
*752 Robert L. Raymond, Destrehan, LA, for Plaintiff/Appellee, Parish of St. Charles through the Department of Planning & Zoning.
Douglas E. Bordelon, Montz, LA, Defendant/Appellant, Appearing in proper person.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
SUSAN M. CHEHARDY, Judge.
This appeal arises in an ongoing dispute between the St. Charles Parish Department of Planning and Zoning (hereafter "the Parish") and Douglas Bordelon regarding violations of parish nuisance ordinances that outlaw the presence of trash and debris, and abandoned, junked, wrecked or derelict vehicles on property. Mr. Bordelon appeals a judgment that found him in contempt for failure to comply with a prior judgment. We affirm.
A judgment of contempt normally is reviewable by application for supervisory writs rather than by appeal. Because the contempt judgment here is for violation of an order of the court, however, it is final and therefore is appealable. Thibodeaux v. Thibodeaux, 99-618 La.App. 5 Cir. 11/10/99, 748 So.2d 1180, 1181; Pittman Const. Co., Inc. v. Pittman, 96-1079 (La.App. 4 Cir. 3/12/97), 691 So.2d 268, writ denied, 97-0960 (La.5/16/97), 693 So.2d 803.

FACTS
In April 2000 the Parish filed suit against Mr. Bordelon under the St. Charles Parish Code of Ordinances, Ch. 16, Art. IV, Sec. 16-48(a)(4), and Art. II, Sec. 16-11.[1] The Parish sought an order to force Mr. Bordelon to remove "salvage metal, derelict vehicles and heavy equipment" from his property on Thoroughbred Avenue in St. Charles Parish.
After various pretrial skirmishes, the parties entered into a consent judgment, signed by the court on December 19, 2001, in which they agreed that Mr. Bordelon would remove from his premises, within six months, all materials identified and depicted in a set of photographs made part of the judgment.[2] They agreed that if Mr. *753 Bordelon failed to remove the items within six months, the Parish would be permitted to enter the property and remove the items.
Mr. Bordelon later sought to annul the consent judgment for fraud and ill practices, but the trial court found he failed to carry his burden of proof and dismissed his petition to annul the judgment. On appeal this Court affirmed the dismissal. Parish of St. Charles v. Bordelon, 03-310 (La.App. 5 Cir. 9/16/03), 853 So.2d 1143 (not designated for publication).
On September 27, 2004 the Parish filed a Motion for Contempt, alleging that Mr. Bordelon not only had failed to comply with the consent judgment, but also he had placed additional unauthorized materials and commercial equipment on the property. The Parish requested that Mr. Bordelon be found in contempt and punished accordingly. In a judgment signed on January 19, 2005 the court ruled in favor of the Parish, made the rule for contempt absolute, and ordered Mr. Bordelon "to remove from the premises known as 180 Thoroughbred Drive, Montz, Louisiana all materials identified and depicted in photographs made a part of the Consent Judgment rendered by this Honorable Court on December 12, 2001 and signed on December 17, 2001, within twenty (20) days of the signing of this Judgment."
On May 1, 2007 the Parish filed another Motion for Contempt, which alleged that Mr. Bordelon had not complied with either the consent judgment or the contempt judgment. Specifically, the Parish alleged that a consent judgment had been signed on December 17, 2001 that ordered Mr. Bordelon "to remove all material identified and depicted in eight (8) pages of pictures within six (6) months" from the date of the consent judgment; that a judgment of contempt against the defendant had been signed on January 19, 2005; and that "the subject property has been inspected and defendant in rule has not complied with said Consent Judgment." The pleading requested that Mr. Bordelon be found in contempt and punished accordingly.
Trial of the second contempt rule took place on June 14, 2007. Kenneth Lorio, a Code Enforcement Inspector for the St. Charles Parish Department of Planning and Zoning, testified he is familiar with the property owned by Mr. Bordelon on Thoroughbred Lane in Montz because he had inspected the property in 2005 and had testified at the prior hearing in the case. Mr. Lorio testified he inspected the property the day before the instant hearing, and found several items that the judgment of 2001 had ordered to be removedspecifically, scaffolding and a lift truck. He had photographed those items and the photographs were admitted into evidence.
Mr. Lorio testified that the scaffolding was present in 2001 and that the 2001 judgment ordered it be removed. In addition, he stated, there was an orange lift truck on the property that should have been removed under the 2001 judgment.
Mr. Bordelon introduced the transcript of the consent judgment as read into the record in open court on December 12, 2001. Mr. Bordelon argued the 2001 written judgment does not accurately reflect the parties' agreement in open court.
The court read the written judgment and noted it referred to attached photographs and items identified in the photographs as being the items to be removed. The court commented, "I see ... that boom truck in the picture but I don't see it circled and identified as a derelict vehicle." Counsel for the Parish, however, pointed *754 out that the boom truck was circled in another picture.
Mr. Bordelon stated, "Well, I'm not contesting that it's the same truck. What I'm saying is that it's not a derelict vehicle; he never had any right to it to start with." Mr. Bordelon then read portions of the 2001 transcript, in which the court agreed Mr. Bordelon could keep on the property the equipment, tools and materials needed to complete a shed he was building, but that Mr. Bordelon had to make a good faith effort to finish the building within six months.
Counsel for the Parish pointed out that more than 60 months had elapsed since the 2001 hearing, and the building still was not finished. Counsel asserted there was no evidence to controvert the Parish's proof that the boom truck and scaffolding were still on the property.
The court ruled as follows:
Mr. Bordelon, the [2001] judgment clearly includes, circled, the truck, identified as heavy equipment. If you had a problem with that judgment than you should have, at that time, specifically addressed that issue in relation to the transcript if you felt that it didn't comport with the transcript and tried to have that overturned.
* * *
I do see that where you specifically talk about the things you would need to build the building. I assume your argument is you need the boom truck to build the building.
Your interpretation of this transcript is that you want to say that therefore the truck can remain on indefinitely. I do not read the transcript this way.
By your own statement, when you brought up the issue, this is what you said. "Yes, Your Honor, with the exception of the equipment, tools, and materials used in the construction of my building be allowed to remain on the premises until the building is finished." That the language that you have referred me to today in your defense of whether or not the boom truck should be allowed to remain. So, I'll key in on the end of that sentence, "on the premises until the building is finished." That's what you said.
* * *
So my response to that, and my state of mind is dealing with until the building is finished. And then ... I said the tools and equipment used to build the building can stay. Obviously, my intent was not to say that means they can stay indefinitely because then I specifically go into some language dealing with the time frame of finishing the building.
So in conjunction with your own statement, remain until the building is finished, and in my specification of when the building has to be finished, it's clear that I was telling you it could only remain until the building is finished. The problem I have is that now we're ... 66 months down the road and the building is not finished and the truck is still there.
Mr. Bordelon argued, "Well, the building is under construction. We've had two hurricanes and a lot's happened since then.... I have an open building permit .... And I want to build a building. I will build a building."
The court ruled,
I've given you long enough. So I'm going to give you 24 hoursand let me make clear on the scaffolding also, is that whether or not it's the same scaffolding, I'm not going to play a game of saying take that scaffolding off and just put some other scaffolding in its place. *755 It's the same violation. The scaffolding is not to be there....
I'll give you seven days to get the truck out. And the scaffolding needs to be out within 24 hours.
The oral ruling was reduced to a written judgment signed on June 28, 2007. The judgment made the rule for contempt absolute, found Mr. Bordelon in contempt of the judgment signed January 19, 2005, and ordered Mr. Bordelon to remove from the property all scaffolding material within 24 hours and remove the orange boom truck within seven days from the date of the hearing. The judgment did not impose any sanctions. Mr. Bordelon appeals.

ARGUMENTS ON APPEAL
Mr. Bordelon asserts the trial court erred in the following respects: (1) by ruling against him when the items in question were not part of the items to be removed that were listed in the judgment; (2) by incorrectly identifying a crane truck and scaffolding as trash and debris rather than as tools and equipment; (3) by holding him in contempt and forcing him to remove the crane truck and scaffolding, "erroneously enforcing a judgment already complied with, an unconscionable and inequitable act"; (4) by "acting upon speculation as to why it worded certain phrases in the transcript of the original consent judgment" as a reason to hold him in contempt, and "by refusing to consider that the consent judgment is a compromise worked out by the parties, and was not a ruling from the bench."
In response, the Parish argues this appeal is simply another attempt by Mr. Bordelon to thwart the Parish's equal enforcement of its zoning code. The Parish contends his appeal should be dismissed because he has not stated a valid basis for it. The Parish points out that the parish inspector inspected the Bordelon property the day before the hearing and identified certain objects, including scaffolding and a lift truck, as items that were to have been removed from the property pursuant to the 2001 judgment. The Parish asserts the photographs in evidence, as well as the prior judgment, clearly identified the items that were to have been removed.

LAW AND ANALYSIS
A constructive contempt of court is any contempt other than a direct one. La. C.C.P. art. 224. An act of willful disobedience of any lawful judgment of the court constitutes a constructive contempt of court. La.C.C.P. art. 224(2).
Although a district court has discretion to determine whether to find a person guilty of constructive contempt of court, a finding that a person wilfully disobeyed a court order in violation of La.Code of Civil Proc. art. 224(2) must be based on a finding that the accused violated an order of the court "intentionally, knowingly, and purposefully, without justifiable excuse."
Lang v. Asten, Inc., XXXX-XXXX, pp. 1-2 (La. 1/13/06), 918 So.2d 453, 454.
We find no merit to Mr. Bordelon's assignments of error. The first three assignments, which we address together, were covered by the trial court's factual findings. The court reviewed the 2001 judgment, examined the photographs attached thereto and made a part thereof, and determined that the scaffolding and lift truck were among the items included in that judgment. The 2001 judgment required that the items be removed within six months. The scaffolding and lift truck indisputably were still on Mr. Bordelon's property at the time of the June 2007 hearing.
Such a determination is within the trial court's province as a finder of fact, *756 and an appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880, 882 (La.1993). We find no manifest error in the trial court's determination that the scaffolding and the lift truck were among the items covered by the 2001 judgment, and that Mr. Bordelon has failed to remove those items from his property.
With respect to the fourth assignment, that the trial court acted "upon speculation as to why it worded certain phrases in the transcript of the original consent judgment" as a reason to hold him in contempt, and that the trial court erred in refusing to consider "that the consent judgment is a compromise worked out by the parties, and was not a ruling from the bench," we find no error.
As pointed out by the trial court, Mr. Bordelon disagrees with the language of the written version of the 2001 consent judgment. His recourse was to challenge that judgment directly. He filed a petition to annul the judgment on the ground of fraud and ill practices, but both the trial court and this Court found he failed to prove his claims, and dismissed the petition. Accordingly, the 2001 judgment stands as written.
Here, although the judgment on appeal did not contain the language of La.C.C.P. art. 224 specifying willful disobedience, it is plain from the court's oral reasons for judgment that the court found Mr. Bordelon's behavior to be willful disobedience. The items the Parish sought to have removed in this second contempt rule were included in the scope of the original judgment, and also in the scope of the second judgment. Thus, we find no manifest error in the court's implicit determination that Mr. Bordelon had been willfully disobedient to the prior court orders.
Although the court found Mr. Bordelon in contempt, the court specified no punishment, despite the provision of La.C.C.P. art. 225(B).[3] Instead, the court merely ordered Mr. Bordelon to comply with the 2001 consent judgment by removing the scaffolding and the lift truck from his premises within the specified times. The court imposed none of the punishments it could have imposed.[4] We find no abuse of discretion in the ruling.
For the foregoing reasons, the judgment is affirmed. Costs of appeal are assessed against the appellant, Douglas E. Bordelon.
AFFIRMED.
NOTES
[1] Sec. 16-48(a)(4) concerns trash and debris on property; Sec. 16-11 concerns abandoned, junked, wrecked or derelict vehicles.
[2] The original judgment contained a typographical error that designated the address as "181 Thoroughbred, Montz, Louisiana," which was revised in a July 2, 2002 amended judgment to the correct address, "180 Thoroughbred, Montz, Louisiana."
[3] "If the person charged with contempt is found guilty the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed." La.C.C.P. art. 225(B).
[4] "The punishment which a court may impose upon a person adjudged guilty of contempt of court is provided in R.S. 13:4611." La.C.C.P. Art. 227. The punishments include imprisonment and/or a fine. La.R.S. 13:4611(1)(c)-(d).