HIGGINBOTHAM, J.,
concurs in the result and assigns additional reasons.
hi respectfully concur in the result reached by the majority and assign additional reasons to point out that the judgment at issue is immediately appealable because it imposed sanctions for contempt. See La.Code Civ. P. art. 1915(A)(6); Capital City Press, LLC v. Louisiana State *538 University System Bd. of Sup’rs, 2013-1994 (La.8/28/13), 120 So.3d 250; Robinson v. Harlan, 2012-0363 (La.4/9/12), 85 So.3d 131; In re Jones, 2010-0066 (La.App. 5th Cir.11/9/10), 54 So.3d 54, 58, writ not considered, 2010-2738 (La.2/4/11), 56 So.3d 979; Hodges v. Hodges, 2002-0489 (La.App. 3d Cir.10/2/02), 827 So.2d 1271, 1276, writ denied, 2002-2485 (La.11/8/02), 828 So.2d 1122; and Stiltner v. Stiltner, 2000-2079 (La.App. 4th Cir.11/8/00), 772 So.2d 909, 910. Therefore, in the interests of judicial economy and justice, review of the entire judgment including the removal of the succession representatives is properly before this court on appeal. See Carrollton Presbyterian Church v. Presbytery of South Louisiana of Presbyterian Church (USA), 2011-0205 (La.App. 1st Cir.9/14/11), 77 So.3d 975, 978-79„writ denied, 2011-2590 (La.2/17/12), 82 So.3d 285, cert. denied, — U.S.-, 133 S.Ct. 150, 184 L.Ed.2d 32 (2012) (an appellant may appeal an interlocutory judgment involving the same or related issues in the case of a restricted appeal). The sanctions imposed for contempt in this case are related to the reasons for the removal of the succession co-administrators for breach of their fiduciary duties.
For these additional reasons, the plaintiffs’ motion to summarily dismiss the defendants’ appeal should be denied and the appeal maintained.